UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-0695-G |
| CHASE HOME FINANCE LLC, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

The court, on its own motion, herein examines its subject matter jurisdiction in this case. For the reasons stated below, this case is remanded to the state court from which it was removed.

### I.  BACKGROUND

This is a dispute over the sale by the plaintiff of certain real property and the financing by the purchasers of that property. The *pro se* plaintiff Marsha Chambers ("Chambers" or "the plaintiff") previously owned a tract of real property identified as 2808 El Paso Way, Mesquite, Texas. Original Petition ("Petition"), *attached to* Notice of Removal *as* Exhibit C-1. On June 10, 2004, the plaintiff sold the property to Rusty Tate ("Tate") and Charity Williams ("Williams") (collectively, "the buyers")

for $118,000. Plaintiff's Response to the Defendant's Motion for Dismissal and Plaintiff's Amended Petition for Establishment of Priority Lien and Injunction Relief to Prevent Sale Without Payment of Plaintiff's First Lien ("Amended Petition") at 1. The sales contract required the buyers to pay, in consideration for the property, $94,400 in cash to Chambers; an additional $23,600 was to be secured through a vendor's lien on the property. *See* Sales Contract, *attached to* Appendix of Documents and Cases and Notice of Documents Given to Agents and the Original Lender ("Plaintiff's Appendix") at 2. Tate and Williams gave Chambers a document titled "Real Estate Promissory Note" evidencing a $25,000 debt. *Id.* A deed of trust was also executed by Tate and Williams securing the $25,000 debt to Chambers. *Id.* To acquire the requisite cash amount, the buyers obtained a $94,400 purchase money loan from New Century Mortgage ("NCM"), which was evidenced by a promissory note and deed of trust to NCM to secure the loan. *See* Adjustable Rate Note and Deed of Trust, *attached to* Defendant Chase Home Finance LLC's Appendix of Support in Response to Plaintiff's Motion for Summary Declaratory Judgment or in the Alternative, Motion to Set for Oral Argument Hearing and/or Trial *as* Exhibits A-1 and A-2.

The crux of the plaintiff's claim involves the alleged subordination of her promissory note. As a requisite for the NCM financing, the buyers and Chambers executed a second note on the property -- a $23,600 "Real Estate Lien Note, Second

Lien" with Chambers as the beneficiary.  Real Estate Lien Note, Second Lien, *attached to* Defendant Chase Home Finance LLC's Appendix in Support of Motion to Dismiss or, Alternatively, Motion for More Definite Statement *as* Exhibit 1.  The note, by its terms, was subordinate to a first lien in favor of NCM.  *Id.*  Chambers adamantly denies that she agreed to the status of a junior lienholder, asserting that the "Real Estate Note, Second Lien" is "fake."  Amended Petition at 2.  She further contends that her $25,000 promissory note remains in effect, giving her a first priority lien on the real property.  *Id.*  In her petition, Chambers asks the court to declare that she holds a first priority lien on the property; she also seeks injunctive relief in the form of a court-ordered sale of the property to pay the lien.  Petition.  Consistent with Texas law, plaintiff's petition does not specify the monetary value of the relief she seeks, *see* TEX. R. CIV. P. 47(b), but the lien that plaintiff wishes the court to enforce has a value of $25,000.  Petition.

Chambers filed this case on April 3, 2006 in the 44th Judicial District Court of Dallas County, Texas.  Petition.  The defendant Chase Home Finance LLC ("Chase" or "the defendant") is the current holder of the note and deed of trust previously acquired by NCM.  Defendant Chase Home Finance LLC's Notice of Removal ("Notice of Removal") ¶ 4.  Chase removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446 on April 18, 2006.  Notice of Removal ¶ 2.  Chase alleges that the buyers are in default on their mortgage payments stemming from the NCM

note and that the buyers currently owe more than $106,000. *Id.* ¶ 4. Accordingly, the defendant asserts that the amount in controversy exceeds the jurisdictional requirement. *Id.*

## II.  ANALYSIS

Though Chambers has not moved to remand the instant action to state court, the court may *sua sponte* raise the issue of its jurisdiction at any time during the course of litigation. *In re Bass*, 171 F. 3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings").

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers*

*Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000. *See* 28 U.S.C. §1332(a).[1] The defendant asserted only diversity jurisdiction in its notice of removal.[2]

### A. Amount in Controversy

To establish jurisdiction when the plaintiff's state court petition does not allege a specific amount of damages, as in the instant case, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds

---

[1] Section 1332 states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

[2] Though the defendant did not assert federal question jurisdiction in its notice of removal, the court, on this *sua sponte* review of subject matter jurisdiction, considered that possibility. Because this case does not present any issues "arising under the Constitution, laws, or treaties of the United States," the court cannot exercise jurisdiction on the basis of a federal question. 28 U.S.C. § 1331.

$75,000.  See *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  A court may determine that removal is proper if it is facially apparent from the state court petition that the claims are likely above $75,000.  See *id*.  If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the removing defendant to support a finding of the requisite amount.  See *id*.  While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).  However, if it is facially apparent from the petition that the amount in controversy meets the statutory requirements for diversity jurisdiction, such post-removal affidavits do not deprive the district court of jurisdiction.  *Id*.  The jurisdictional facts supporting removal must be judged at the time of the removal.  *Allen*, 63 F.3d at 1335.

Applying the "facially apparent" standard, the court begins by "look[ing] only at the face of the complaint and ask[ing] whether the amount in controversy [is]

likely to exceed [$75,000]." *Id.* at 1336.  Chambers' state court petition did not specify an amount of damages; in fact, she does not seek direct monetary relief of any kind.  Rather, she requests a declaration that her $25,000 lien takes priority over Chase's lien and an injunction requiring a judicial sale of the property to satisfy the lien.  While the value of Chambers' declaratory and injunctive relief is unclear, it is not "facially apparent" from her petition that the amount in controversy exceeds $75,000.  See *id.*

Accordingly, the court turns to the notice of removal, which sets forth facts to support a finding that the amount in controversy is satisfied.  See *id.*  Chase alleges that the amount in controversy requirement is satisfied because it is owed more than $106,000 from the buyers on its lien.  Notice of Removal ¶ 4.  Furthermore, Chase alleges that Chambers, by seeking declaratory relief on the priority of her lien, is preventing Chase from foreclosing on the property.  *Id.*  Therefore, "[b]ased on the amount owed on [Chase]'s note and the value of the Property, the amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000." *Id.*

In an action for declaratory and injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); accord *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir.

1998).  The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.  See *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996); see also *Garcia v. Koch Oil Company of Texas Inc.*, 351 F.3d 636, 639-40 (5th Cir. 2003).

Under this guidance, the value of the declaratory and injunctive relief to Chambers is $25,000 -- the value of her promissory note.  In her original petition, Chambers also asked for all other relief to which she may be entitled, but she did not allege any other causes of action.  Though she later amended her complaint to add additional claims, the court must determine its jurisdiction as of the time of removal. *Allen*, 63 F.3d at 1335.  The later claims are irrelevant as to the question of whether removal was proper.  *Kilduff v. First Health Benefits Administrators Corporation*, No. 3:06-CV-0221-G, 2006 WL 1932348, at *2 n.2 (N.D. Tex. Jul. 10, 2006) (Fish, C.J.) (citing *Hook v. Morrison Milling Company*, 38 F.3d 776, 780 (5th Cir. 1994) (citing *Anderson v. Electronic Data Systems Corporation*, 11 F.3d 1311, 1316 n.8 (5th Cir.), *cert. denied*, 513 U.S. 808 (1994)).[3]

---

[3] Even if it is assumed, *arguendo*, that the loss to the defendant could satisfy the amount in controversy requirement, the defendant still fails to meet its burden.  The harm to the defendant stemming form the pendency of the instant action is not necessarily equivalent to the value of the property or the amount owed to it by the buyers.  Rather, the harm to the defendant is the loss suffered by the delay in its ability to foreclose on the property.  Information regarding this discrete harm has not been furnished to the court.

Based upon the relevant facts at the time of removal, the "value of the right to be protected" from Chambers' viewpoint is $25,000. See *Hartford*, 293 F.3d at 910. Under the Fifth Circuit's standards for removal cases, the minimum amount in controversy for the exercise of subject matter jurisdiction has not been met. The court does not have subject matter jurisdiction over this action, and it must accordingly be remanded to state court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

### B. Diversity of Citizenship

Though the parties in this case meet the diversity of citizenship requirement of 28 U.S.C. § 1332, both the requisite amount in controversy and complete diversity are essential to confer federal jurisdiction over this claim. In the absence of a sufficient amount in controversy, further analysis of the diversity of citizenship element is unneccessary.

### III. CONCLUSION

All doubts are resolved against removal. See *Cross*, 810 F. Supp. at 750. Chase has failed to establish that the amount in controversy exceeds $75,000. This case is **REMANDED** *sua sponte* for lack of subject matter jurisdiction to the **44th Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

October 31, 2006.

_____
A. JOE FISH
CHIEF JUDGE

# CLOSED

CIVIL NUMBER:  3:06-CV-0695-G

DATE:  10/31/2006

TRIAL:  YES _____     NO   X_____